# STATE OF MINNESOTA

Executive Department



# Governor Tim Walz

**Emergency Executive Order 20-81**

**Requiring Minnesotans to Wear a Face Covering in Certain Settings to Prevent the Spread of COVID-19**

**I, Tim Walz, Governor of the State of Minnesota,** by the authority vested in me by the Constitution and applicable statutes, issue the following Executive Order:

The COVID-19 pandemic continues to present an unprecedented and rapidly evolving challenge to our State. Since the World Health Organization characterized the COVID-19 outbreak as a pandemic on March 11, 2020, confirmed cases of COVID-19 in Minnesota have rapidly increased. On March 15, 2020, Minnesota detected the first confirmed cases caused by "community spread"—infections not epidemiologically linked to overseas travel. By March 17, 2020, all fifty states had reported a confirmed case of COVID-19, and on March 21, 2020, the Minnesota Department of Health ("MDH") announced the first confirmed fatality due to COVID-19 in Minnesota.

The President declared a national emergency related to COVID-19 on March 13, 2020. Since then, and for the first time in history, the President has approved major disaster declarations for all fifty states and the District of Columbia. In concert with these federal actions and the actions of states across the nation, Minnesota has taken proactive steps to ensure that we remain ahead of the curve. On March 13, 2020, I issued Executive Order 20-01 and declared a peacetime emergency because this pandemic, an act of nature, endangers the lives of Minnesotans, and local resources were—and continue to be—inadequate to address the threat. After notifying the Legislature, on April 13, 2020, May 13, 2020, June 12, 2020, and July 13, 2020, I issued Executive Orders extending the peacetime emergency declared in Executive Order 20-01.

The need to slow the spread of the virus while we ensured that Minnesota had the resources and capacity to address a large outbreak initially required the closure of certain non-critical businesses in our economy. In Executive Order 20-33, seeking to balance public health needs and economic considerations, we began planning to allow more Minnesota workers to safely return to work. We drafted and implemented guidelines and requirements for appropriate social distancing, hygiene, and public health best practices. Executive Order 20-38 expanded exemptions for outdoor recreational activities and facilities, and Executive Orders 20-40, 20-48,

1



20-56, 20-63, and 20-74 allowed for the gradual reopening of certain non-critical businesses that planned for and provided safe workplaces.

The experience of other states shows that a COVID-19 surge can occur with little warning and disastrous consequences. Indeed, several states have had to reinstate limitations on businesses, gatherings, and activities as they have faced summer surges in COVID-19 cases. Although Minnesota had experienced a brief period of stable or decreasing numbers in COVID-19 cases, in the past week we have seen our cases begin to increase, with the largest single-day increase in cases in seven weeks reported on July 20, 2020. As such, we must continue to approach our reopening carefully, as the number of cases throughout the United States has increased rapidly in recent weeks. To that end, we know that certain public settings and establishments continue to pose a public health risk. In particular, the opportunities for COVID-19 transmission are elevated in confined indoor spaces, health care and congregate care facilities, settings where people gather and linger or where movement is unpredictable, and places where social distancing measures are not always possible. As we carefully consider and provide opportunities for a variety of businesses and other venues to scale up their operations, safety in these settings is a key priority.

According to the Centers for Disease Control and Prevention ("CDC"), face coverings are effective in preventing the transmission of respiratory droplets that may spread COVID-19. Recognizing the utility of face coverings to prevent wearers who are asymptomatic or pre-symptomatic, the Federal Occupational Health and Safety Administration recommends that employers encourage workers to wear face coverings at work.

Ideally, face coverings should be worn in combination with other infection control measures, including social distancing, but face coverings are especially important in settings where social distancing is difficult to maintain. As the CDC has explained, face coverings are most effective when they are worn by all individuals in public settings when around others outside of their households because many people infected with COVID-19 do not show symptoms. Consistent with this guidance, Minnesota has strongly recommended widespread use of face coverings since April. An increasing number of states are now mandating face coverings in certain settings to control the spread of COVID-19. As of July 17, 2020, 28 states, Washington D.C., and Puerto Rico have implemented a face covering requirement. With this order, we do the same to protect Minnesota.

In Minnesota Statutes 2019, section 12.02, the Minnesota Legislature conferred upon the Governor emergency powers to "(1) ensure that preparations of this state will be adequate to deal with disasters, (2) generally protect the public peace, health, and safety, and (3) preserve the lives and property of the people of the state." Pursuant to Minnesota Statutes 2019, section 12.21, subdivision 1, the Governor has general authority to control the state's emergency management as well as carry out the provisions of Minnesota's Emergency Management Act.

Minnesota Statutes 2019, section 12.21, subdivision 3(7), authorizes the Governor to cooperate with federal and state agencies in "matters pertaining to the emergency management of the state and nation." This includes "the direction or control of . . . the conduct of persons in the state, including entrance or exit from any stricken or threatened public place, occupancy of facilities, and . . . public meetings or gatherings." Pursuant to subdivision 3 of that same section, the Governor may "make, amend, and rescind the necessary orders and rules to carry out the

provisions" of Minnesota Statutes 2019, Chapter 12. When approved by the Executive Council and filed in the Office of the Secretary of State, such orders and rules have the force and effect of law during the peacetime emergency. Any inconsistent rules or ordinances of any agency or political subdivision of the state are suspended during the pendency of the emergency.

For these reasons, I order as follows:

1. Paragraph 3 of Executive Order 20-74 is rescinded as of Friday, July 24, 2020 at 11:59 p.m. All other provisions of Executive Order 20-74 remain in effect.

2. Beginning on Friday, July 24, 2020 at 11:59 p.m., Minnesotans must wear a face covering in indoor businesses and indoor public settings, as described in this order and the related industry guidance, available at the Stay Safe Minnesota website (https://staysafe.mn.gov), as well as any other guidance referenced in this order. Workers must also wear face coverings outdoors when it is not possible to maintain social distancing. When leaving home, Minnesotans are strongly encouraged to have a face covering with them at all times to be prepared to comply with the requirements of this Executive Order.

3. **Definitions.** For purposes of this Executive Order, the following terms are defined as follows:

    a. A "face covering" must be worn to cover the nose and mouth completely, and can include a paper or disposable face mask, a cloth face mask, a scarf, a bandanna, a neck gaiter, or a religious face covering. Minnesotans are encouraged to refer to CDC guidance on *How to Make Cloth Face Coverings*, available at https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-to-make-cloth-face-covering.html. Medical-grade masks and respirators are sufficient face coverings, but to preserve adequate supplies, their purchase and use is discouraged for Minnesotans who do not work in a health care setting or in other occupations that require medical-grade protective equipment (*e.g.*, certain construction occupations). Masks that incorporate a valve designed to facilitate easy exhaling, mesh masks, or masks with openings, holes, visible gaps in the design or material, or vents are **not** sufficient face coverings because they allow exhaled droplets to be released into the air.

    b. "Business" and "businesses" are broadly defined to include entities that employ or engage workers, including private-sector entities, public-sector entities, non-profit entities, and state, county, and local governments.

    c. "Worker" and "workers" are broadly defined to include owners, proprietors, employees, contractors, vendors, volunteers, and interns.

    d. "Social distancing" means individuals keeping at least 6 feet of distance from other individuals who are not members of their household.

    e. "Household" means a group of individuals who share the same living unit.

3

    f. "Living unit" or "living units" are broadly defined to include single family homes; mobile homes; shelters and similar facilities; family foster care homes; individual units of multi-unit dwellings; hotel or motel rooms; dormitory rooms; residential programs licensed under Minnesota Statutes 2019, Chapter 245D; and assigned units or rooms in a hospital, long-term care facility, residential treatment facility, or correctional facility. Additionally, a "living unit" or "living units" includes any other setting used as a residence and shared only with members of the same household.

    g. "Higher education institution" means all post-secondary institutions, including but not limited to institutions licensed and registered with the Office of Higher Education, with a physical campus in the State.

4. **Federal activities.** Nothing in this Executive Order will be construed to limit, prohibit, or restrict in any way the operations of the federal government or the movement of federal officials in Minnesota while acting in their official capacity, including federal judicial, legislative, and executive staff and personnel.

5. **Legislative proceedings.** This Executive Order does not apply to Legislative proceedings and meetings.

6. **Judicial Branch.** This Executive Order does not apply to the Minnesota Judicial Branch. Requirements for face coverings in judicial branch facilities and at proceedings held by the judicial branch are subject to policies or orders of the Chief Justice.

7. **Tribal activities and lands.**

    a. Activities by tribal members within the boundaries of their tribal reservations are exempt from the restrictions in this Executive Order but may be subject to restrictions by tribal authorities.

    b. Activities within the boundaries of federal land held in trust for one of the 11 Minnesota Tribal Nations are exempt from the restrictions in this Executive Order but may be subject to restrictions by tribal authorities.

8. **Exempt individuals.** The following individuals are exempt from face covering requirements of this Executive Order:

    a. Individuals with a medical condition, mental health condition, or disability that makes it unreasonable for the individual to maintain a face covering. This includes, but is not limited to, individuals who have a medical condition that compromises their ability to breathe, and individuals who are unconscious, incapacitated, or otherwise unable to remove a face covering without assistance. These individuals should consider using alternatives to face coverings, including clear face shields, and staying at home as much as possible.

b.  Children who are five years old and under. Those who are under two-years-old should never wear a face covering due to the risk of suffocation. Those who are at least two are encouraged to wear a face covering if they can do so in compliance with CDC guidance on *How to Wear Cloth Face Coverings*, available at https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-to-wear-cloth-face-coverings.html (*i.e.*, without frequently touching or removing the covering).

c.  Individuals at their workplace when wearing a face covering would create a job hazard for the individual or others, as determined by local, state or federal regulators or workplace safety and health standards and guidelines.

9.  **Situations where face coverings are mandatory.** Except for individuals who are exempt under paragraph 8 of this Executive Order, and except for the circumstances described in paragraphs 10 through 12, Minnesotans are required to wear a face covering:

    a.  In an indoor business or public indoor space, including when waiting outdoors to enter an indoor business or public indoor space.

        i.  This requirement does not apply in living units except that (1) workers entering another person's living unit for a business purpose are required to wear a face covering when doing so; and (2) visitors, patients, residents, or inmates of hospitals, shelters or drop-in centers, long-term care facilities, residential treatment facilities, residential programs licensed under Minnesota Statutes 2019, Chapter 245D, or correctional facilities must wear a face covering even when in a living unit if required by the facility.

        ii. This requirement also does not apply in a private vehicle that is being used for private purposes.

    b.  When riding on public transportation, in a taxi, in a ride-sharing vehicle, or in a vehicle that is being used for business purposes.

    c.  In any other business, venue, or public space which has opted to require a face covering when it would not otherwise be required by this Executive Order.

    d.  For workers only, when working outdoors in situations where social distancing cannot be maintained.

    e.  When applicable industry guidance, available on the Stay Safe Minnesota website (https://staysafe.mn.gov) specifically requires face coverings. In some instances, face shields may be required in addition to or instead of face coverings or may be allowed as an alternative to face coverings.

10. **Circumstances where mandatory face coverings may be temporarily removed.** Face coverings required under Paragraph 9 of this Executive Order may be temporarily removed under the following circumstances:

    a. When participating in organized sports in an indoor business or indoor public space while the level of exertion makes it difficult to wear a face covering.

    b. When exercising in an indoor business or public indoor space such as a gym or fitness center, while the level of exertion makes it difficult to wear a face covering, provided that social distancing is always maintained.

    c. When testifying, speaking, or performing in an indoor business or public indoor space, in situations or settings such as theaters, news conferences, legal proceedings, governmental meetings subject to the Open Meeting Law (Minnesota Statutes 2019, Chapter 13D), presentations, or lectures, provided that social distancing is always maintained. Face shields should be considered as an alternative in these situations.

    d. During practices or performances in an indoor business or indoor public space when a face covering cannot be used while playing a musical instrument, provided that social distancing is always maintained.

    e. During activities, such as swimming or showering, where the face covering will get wet.

    f. When eating or drinking in an indoor business or indoor public space, provided that at least 6 feet of physical distance is maintained between persons who are not members of the same party.

    g. When asked to remove a face covering to verify an identity for lawful purposes.

    h. While communicating with an individual who is deaf or hard of hearing or has a disability, medical condition, or mental health condition that makes communication with that individual while wearing a face covering difficult, provided that social distancing is maintained to the extent possible between persons who are not members of the same household.

    i. While receiving a service—including a dental examination or procedure, medical examination or procedure, or personal care service—that cannot be performed or would be difficult to perform when the individual receiving the service is wearing a face covering. Workers performing services for an individual who is allowed to temporarily remove their face covering under this provision must comply with face covering requirements in the applicable industry guidance, available at the Stay Safe Minnesota website (https://staysafe.mn.gov).

    j. When an individual is alone, including when alone in an office, a room, a cubicle with walls that are higher than face level when social distancing is maintained, a vehicle, or the cab of heavy equipment or machinery, or an enclosed work area. In such situations, the individual should still carry a face covering to be prepared for person-to-person interactions and to be used when no longer alone.

    k. When a public safety worker is actively engaged in a public safety role, including but not limited to law enforcement, firefighters, or emergency medical personnel, in situations where wearing a face covering would seriously interfere in the performance of their public safety responsibilities.

11. **Situations where face coverings are strongly encouraged.** I strongly encourage Minnesotans to wear face coverings in the following situations:

    a. During indoor or outdoor private social gatherings (*e.g.*, when visiting at a private home with friends or relatives who do not reside in the same household), particularly in settings where it is difficult or impossible to maintain social distancing.

    b. When riding in a private vehicle with a person or persons who do not reside in the same household.

    c. Inside your home, if you are infected with COVID-19 or experiencing COVID-19 symptoms and reside with others who could be infected.

    d. When participating as an athlete in indoor or outdoor organized sporting events, to the extent possible, where social distancing is not being maintained.

    e. Except for workers required to wear face coverings under paragraph 9.d, in any outdoor business or public outdoor space when it is not possible to consistently maintain social distancing, such as when entering or exiting a business, being seated, moving around in a space with others present, using the restroom, ordering food, or waiting in line.

12. **Child care, preschool, kindergarten through grade 12 schools, and higher education institutions.** Child care settings and educational institutions have unique needs that do not always permit universal face coverings when indoors. Child care and schools also require additional flexibility surrounding the use of face shields, which increase visibility of facial expressions and lip movements to aid in speech perception and child development and learning. To provide for an effective developmental and educational environment, and to ensure safety for workers, students, and children, these businesses and institutions must comply with the following specific requirements on the use of face coverings and face shields. These specific requirements and recommendations apply only within the premises of the child care settings, preschool, kindergarten through grade 12 schools, and higher education institutions discussed in this paragraph 12. These specific requirements do not apply when school, child care, or higher education buildings are used for purposes

other than child care, preschool, kindergarten through grade 12 education, or higher education—in which case, they should be treated like any other indoor public space or indoor business for purposes of this Executive Order.

    a. **Child care, preschool, and pre-kindergarten.** Child care settings—defined as family and group day care homes (licensed under Minnesota Rules 2019, Chapter 9502); child care centers (licensed under Minnesota Rules 2019, Chapter 9503); certified centers (certified under Minnesota Statutes 2019, Chapter 245H); legal nonlicensed child care providers (defined under Minnesota Statutes 2019, section 119B.011, subdivision 16); certain license-exempt Head Start, public and private school programs (defined under Minnesota Statutes 2019, section 245A.03, subdivision 2(a)(5), (13), and (26)); and other Head Start, preschool and pre-kindergarten programs—serving children five-years-old and under are required to comply with face covering and face shield guidance available at https://www.health.state.mn.us/diseases/coronavirus/schools/masks.html. Basic requirements for these settings are detailed below, but child care providers must consult the guidance for the full list of face covering and face shield requirements, recommendations, and exceptions. These requirements, recommendations, and exceptions should be clearly documented in COVID-19 Preparedness Plans and made available to families and staff.

        i. **Children five and under exempt.** Children five years old and under are not required to wear a face shield or face covering, and children under two should never wear a face covering due to the risk of suffocation. A child between the ages of two and five who can reliably wear a face covering or face shield in compliance with CDC guidance on *How to Wear Cloth Face Coverings* (https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-to-wear-cloth-face-coverings.html) (*i.e.*, without frequently touching or removing the covering) may do so, except that children who are sleeping, unconscious, incapacitated, or otherwise unable to remove a face covering or face shield without assistance or who cannot tolerate a shield or covering due to a developmental, medical, or behavioral health condition should not wear a face covering or face shield.

        ii. **Workers exempt.** Workers meeting exemption criteria described in paragraph 8 of this Executive Order should not wear a face covering and should wear a face shield only if able to do so safely.

        iii. **Groupings.** To reduce the risk of exposure, child care settings should maintain consistent groups or cohorts of children and related workers and should take steps to avoid intermixing groups or cohorts of children and workers to the extent possible.

    iv. **Communal space.** Unless exempt, workers and children must wear a face covering or face shield in all indoor communal areas where groups intermix (*e.g.*, center or building hallways, lobbies, restrooms, breakrooms, etc.).

        A. Non-exempt workers and children who are required to wear a face covering or shield may remove the covering or shield temporarily to engage in certain activities that make wearing a face shield difficult or impracticable (*e.g.*, when eating or drinking; when communicating with an individual who is deaf or hard of hearing or has a disability, medical condition, or mental health condition that makes communication with that individual while wearing a face covering difficult; when participating in certain physical activities or playing certain instruments, or when performing or presenting; during activities, such as swimming, where the face covering will get wet; or when receiving a service, such as nursing or medical service, that would be difficult or impossible to perform with a face covering), provided that social distancing is maintained to the extent possible.

        B. Face coverings or face shields are strongly recommended outdoors for non-exempt workers and children when it is difficult or not possible to maintain social distancing.

    v. **Classrooms and in-home care.** A child care setting may allow non-exempt staff and workers to remove face coverings or face shields when in an indoor classroom or care setting (including family child care and in-home care providers) that is confined to one group or cohort. Non-exempt workers and children are strongly encouraged to wear coverings or shields in these settings to the extent possible, especially when social distancing cannot be maintained, unless wearing a covering or shield would interfere with child development.

    vi. **Optional exemption for children.** If a child care provider cares for children who are five and under, but also cares for children older than five, the business can exempt children older than five from face covering and face shield requirements only if the exemption is clearly communicated in writing with all enrolled families and included in the business's COVID-19 Preparedness Plan.

    vii. **More protective face covering policies permitted.** Nothing in this Executive Order should be construed as preventing a child care setting from developing a face covering policy that imposes more protective requirements, consistent with applicable law, than those in this Executive Order or applicable industry guidance.

9

b. **Kindergarten through grade 12 schools.** Kindergarten through grade 12 schools must comply with face covering and face shield guidance available at https://www.health.state.mn.us/diseases/coronavirus/schools/k12planguide.pdf. The basic requirements for these settings are detailed below, but these schools must consult the guidance for the full list of face covering and face shield requirements, recommendations, and exceptions.

  i. In general, unless the individual is exempt under paragraph 8.a or .c of this Executive Order or is under the age of two, all students, staff, and other persons present indoors in school buildings and district offices or riding on school transportation vehicles are required to wear a face covering. This paragraph 12.b does not apply to child care, pre-kindergarten or preschool programs on school premises, which are subject to the requirements of paragraph 12.a.

  ii. Face shields may be used as an alternative to face coverings in the following situations:

     A. For students who are unable to tolerate a face covering due to a developmental, behavioral, or medical condition.

     B. For teachers of all grades when a face covering would impede the educational process.

     C. For staff providing direct support student services when a face covering would interfere with the services provided.

     D. For students in kindergarten through grade 8 when wearing a face covering is otherwise problematic for the student.

  iii. Staff may remove face coverings when working alone, including when alone in an office, classroom, vehicle, cubicle with walls at least face level when social distancing is maintained, or other enclosed work area.

  iv. In addition, staff, students, and other persons present indoors in a school building or district office may temporarily remove face coverings in the following situations, provided that social distancing is maintained to the extent possible:

     A. When engaged in physical activity (*e.g.*, during recess or physical education) or sporting events where the level of exertion makes wearing a face covering difficult or impracticable.

     B. When eating or drinking.

  C. During practices or performances involving singing, acting, public speaking, or playing musical instruments that make wearing a face covering difficult or impracticable.

  D. In response to requests to verify an identity for lawful purposes.

  E. When communicating with an individual who is deaf or hard of hearing or has a disability, medical condition, or mental health condition that makes communication with that individual while wearing a face covering difficult.

  F. During activities, such as swimming or showering, where the face covering will get wet.

  G. While receiving a service—including nursing, medical, or personal care services—that cannot be performed or would be difficult to perform when the individual receiving the service is wearing a face covering. Workers performing a service for an individual who is allowed to temporarily remove their face covering under this provision must comply with the face covering requirements in the applicable Industry Guidance, available at the Stay Safe Minnesota website (https://staysafe.mn.gov).

 v. Except for staff, children, or other persons who are exempt under paragraph 8.a or .c of this Executive Order or are under the age of two, face coverings (or, where applicable, face shields) are strongly recommended outdoors when it is not possible to maintain social distancing or where it will likely not be possible to maintain social distancing.

c. **Higher education institutions.** Students and staff in higher education institutions must comply with the requirements of this Executive Order, except that students and faculty are permitted to wear face shields as an alternative to face coverings in the following situations:

 i. When faculty are teaching a class or giving a lecture, or when students are participating in classroom activities, where it is important for the face to be seen (for example, certain activities in language or communications classes).

 ii. Where a face covering may pose a hazard due to the nature of the class or activity (for example, in a laboratory component of a class).

 iii. When staff or faculty are providing direct support student services and a face covering impedes the service being provided.

11

13. **Inclusion of face covering requirements in businesses' COVID-19 Preparedness Plans.** All businesses must update their COVID-19 Preparedness Plans to include the face covering requirements of this Executive Order, including those that have been incorporated into the Industry Guidance applicable to their business available on the Stay Safe Minnesota website (https://staysafe.mn.gov), inform their workers how their plan has been updated, and make the revised plan available to their workers. The Industry Guidance applicable to the business may include face covering requirements that are more protective than those of this Executive Order, consistent with applicable law.

14. **Notice of face covering requirements.** Businesses must post one or more signs that are visible to all persons—including workers, customers, and visitors—instructing them to wear face coverings as required by this Executive Order.

15. **Implementation of face covering requirements by businesses.**

    a. Businesses must require that all persons, including their workers, customers, and visitors, wear face coverings as required by this Executive Order.

    b. When possible, businesses must provide accommodations to persons, including their workers and customers, who state they have a medical condition, mental health condition, or disability that makes it unreasonable for the person to maintain a face covering, such as permitting use of an alternate form of face covering (*e.g.*, face shield) or providing service options that do not require a customer to enter the business.

    c. Businesses may not require customers to provide proof of a medical condition mental health condition, or disability, or require customers to explain the nature of their conditions or disability.

    d. Businesses must follow the requirements of other applicable laws with respect to whether a business may require a worker to provide documentation of a medical condition, mental health condition, or disability related to their inability to wear a face covering and what the business may ask regarding the condition or disability.

    e. Nothing in this Executive Order requires businesses or their workers to enforce this requirement when it is unsafe to do so, or authorizes them to restrain, assault or physically remove workers or customers who refuse to comply with this Executive Order.

    f. Nothing in this Executive Order authorizes businesses or their workers to violate other laws, including anti-discrimination laws.

16. **More protective policies permitted.** Nothing in this Executive Order should be construed to prevent a business from developing a policy that imposes more protective requirements with respect to face coverings, consistent with applicable law, than those in this Executive Order or applicable industry guidance. This Executive

Order does not authorize landlords or property managers to require tenants and others to wear face coverings in tenants' living units. Landlords and property managers must provide a clear means for tenants and others to request a reasonable accommodation to face covering requirements in common areas.

17. **Safe work**. The protections noted in Executive Order 20-54 (Protecting Workers from Unsafe Working Conditions and Retaliation) remain in full force and effect. Businesses are responsible for the safety and health of their workplaces and must adhere to the requirements set out in the Industry Guidance applicable to the business, available on the Stay Safe Minnesota website (https://staysafe.mn.gov), Minnesota OSHA Standards, and MDH and CDC Guidelines, including the face covering requirements of this Executive Order. Under existing law and authority, DLI may issue citations, civil penalties, or closure orders to places of employment with unsafe or unhealthy conditions, and DLI may penalize businesses that retaliate against employees who raise safety and health concerns.

18. **Enhanced local measures permitted**. Nothing in this Executive Order or previous Executive Orders should be construed to prohibit or prevent political subdivisions from implementing, within their jurisdictions and pursuant to applicable law and authority, requirements beyond those contained in this Executive Order, as long as the additional requirements have a real or substantial relation to the public health crisis caused by COVID-19. Pursuant to Minnesota Statutes 2019, section 12.32, political subdivisions may not relax or reduce this Executive Order's requirements. In other words, to the extent that they have authority to do so, cities and other political subdivisions may take actions that are more protective of the public health, consistent with applicable law, but may not take actions that are less protective of the public health.

19. **Relationship with other law.** Wearing a face covering in compliance with this Executive Order or local ordinances, rules, or orders is not a violation of Minnesota Statutes 2019, section 609.735.

20. **Enforcement**. I urge all Minnesotans to voluntarily comply with this Executive Order.

    a. **Individual violations**. Any individual who willfully violates this Executive Order is guilty of a petty misdemeanor and upon conviction must be punished by a fine not to exceed $100. This does not apply to: (1) children younger than 14 years old; or (2) students 14 years old and older who are enrolled in a school or higher education institution identified in Paragraph 12 of this Executive Order, and who are on the premises of the school or institution for educational purposes.

    b. **Business violations.**

        i. **Business compliance with this Executive Order.** As provided in paragraphs 13 through 15 of this Executive Order, a business is

    compliant with this Executive Order if (1) their workers are wearing face coverings as required by this Executive Order; (2) the business has updated their COVID-19 Preparedness Plan to address the face covering requirements of this Executive Order; (3) the business has posted one or more signs that are visible to all persons—including workers, customers, and visitors—instructing them to wear face coverings as required by this Executive Order; and (4) the business makes reasonable efforts to enforce this order with respect to customers and visitors. For additional information about the steps businesses can take to ensure compliance with this order, refer to the face covering guidance and FAQs available at the Facemasks and Personal Protective Equipment webpage (https://www.health.state.mn.us/diseases/coronavirus.html#masks). The guidance and FAQs may also be accessed at the following webpages: https://www.health.state.mn.us/diseases/coronavirus/facecover.html (guidance document) and https://www.health.state.mn.us/diseases/coronavirus/facecoverfaq.html (FAQ document).

  ii. **Penalties for non-compliance.** Any business owner, manager, or supervisor who fails to comply with this Executive Order is guilty of a misdemeanor and upon conviction must be punished by a fine not to exceed $1,000, or by imprisonment for not more than 90 days. In addition to these criminal penalties, the Attorney General, as well as city and county attorneys, may seek any civil relief available pursuant to Minnesota Statutes 2019, section 8.31, for violations of this Executive Order, including civil penalties up to $25,000 per occurrence from businesses and injunctive relief.

c. **Regulatory enforcement.** State and local licensing and regulatory entities that regulate businesses for compliance with statutes, rules, and codes to protect the public are encouraged to assess regulated businesses' compliance with this Executive Order and use existing enforcement tools to bring businesses into compliance.

d. **Individual rights.** Nothing in this Executive Order is intended to encourage or allow law enforcement to transgress individual constitutional rights.

Pursuant to Minnesota Statutes 2019, section 4.035, subdivision 2, and section 12.32, this Executive Order is effective immediately upon approval by the Executive Council. It remains in effect until the peacetime emergency declared in Executive Order 20-01 is terminated or until it is rescinded by proper authority.

A determination that any provision of this Executive Order is invalid will not affect the enforceability of any other provision of this Executive Order. Rather, the invalid provision will be modified to the extent necessary so that it is enforceable.

Signed on July 22, 2020.

_____
**Tim Walz**
Governor


Filed According to Law:

_____
**Steve Simon**
Secretary of State


Approved by the Executive Council on July 22, 2020:

_____
**Alice Roberts-Davis**
Secretary, Executive Council

Filed on July 22, 2020
Office of the Minnesota
Secretary of State,
Steve Simon



**STATE OF MINNESOTA**
Office of Minnesota Secretary of State
Steve Simon

July 22, 2020

To:           County Auditors and Election Officials

From:         The Office of the Minnesota Secretary of State

Subject:      Impact of the Governor's Face Covering Executive Order on Voting in Minnesota

The Governor has required a "face covering" be worn in all "indoor businesses and indoor public settings." Under the definition in the Governor's Executive Order 20-81, the definition of indoor businesses and indoor public settings is broad and would cover any polling place in the state. Under this executive order, face coverings must be worn in polling places unless the individual is specifically exempted from the executive order. The only individuals specifically exempted in the executive order from wearing a face covering in a polling place setting are children five years and under and "[i]ndividuals with a medical condition, mental health condition, or disability that makes it unreasonable for the individual to maintain a face covering."[2]

The Office of the Secretary of State has received several questions as to how to handle face covering compliance in polling places under this executive order, and while you should consult your own county attorney, below is guidance that we hope is helpful as you work with your municipalities on polling place procedures.

---

[1] "Face Covering" is defined in the Executive Order, and the Order specifically states that:
> A "face covering" must be worn to cover the nose and mouth completely, and can include a paper or disposable face mask, a cloth face mask, a scarf, a bandanna, a neck gaiter, or a religious face covering. Minnesotans are encouraged to refer to CDC guidance on *How to Make Cloth Face Coverings*, available at https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-to-make-cloth-face-covering.html. Medical-grade masks and respirators are sufficient face coverings, but to preserve adequate supplies, their purchase and use is discouraged for Minnesotans who do not work in a health care setting or in other occupations that require medical-grade protective equipment (*e.g.*, certain construction occupations). Masks that incorporate a valve designed to facilitate easy exhaling, mesh masks, or masks with openings, holes, visible gaps in the design or material, or vents are **not** sufficient face coverings because they allow exhaled droplets to be released into the air.

[2] This includes, but is not limited to, individuals who have a medical condition that compromises their ability to breathe, and individuals who are unconscious, incapacitated, or otherwise unable to remove a face covering without assistance. These individuals should consider using alternatives to face coverings, including clear face shields, and staying at home as much as possible.

180 State Office Building | 100 Rev. Dr. Martin Luther King, Jr. Blvd. | Saint Paul, MN 55155-1299
Phone: 651-201-1324 or 1-877-600-8683 | Fax: 651-215-0682 | MN Relay Service: 711
E-mail: secretary.state@state.mn.us   Web site: www.sos.state.mn.us

**EXHIBIT 2**

1. **Inform voters of the Governor's facial covering mandate:** If a person enters the polling place without a face covering, an election judge or sergeant at arms should ask the individual to put on one of the disposable masks provided in the polling place and explain that face coverings are required to be worn in the polling place under the Governor's executive order. If the voter complies and puts on a mask or face covering, you do not need to do anything else.

2. **Encourage the use of curbside voting:** If the individual refuses to wear the face covering, including for health or disability reasons, ask them if they would vote using the curbside voting procedures outside. If the voter agrees to use the curbside voting procedures, you do not need to do anything else.

3. **If the voter insists on voting in the polling place without a face covering, record any violation of the face covering order but do not prevent the voter from voting if eligible:** If the individual refuses to wear the face covering, does not have a health or disability reason preventing them from wearing a face covering, and refuses to use the curbside voting procedures, inform them that under the Governor's executive order state law requires that they wear a face covering inside the polling place. Further inform the voter that, while they will be permitted to vote if otherwise eligible, their refusal to comply with the state mandate will be recorded and reported to the appropriate authorities.

   Record the name and addresses of a voter from the polling place roster in the incident log along with a notation that the voter refused to comply with the facial covering executive order and refused the option of curbside voting.

   *Remember, even if a voter refuses to wear a mask or face covering, you must permit any eligible voter to receive a ballot and vote.*

Please share this information with your cities and townships and anyone else within the county for whom this would be relevant.

2

Office of the Revisor of Statutes

# 2019 Minnesota Statutes

Authenticate PDF

**609.735 CONCEALING IDENTITY.**

A person whose identity is concealed by the person in a public place by means of a robe, mask, or other disguise, unless based on religious beliefs, or incidental to amusement, entertainment, protection from weather, or medical treatment, is guilty of a misdemeanor.

**History:** *1963 c 753 art 1 s 609.735; 1971 c 23 s 73; 1986 c 444; 1995 c 30 s 1*

Copyright © 2019 by the Revisor of Statutes, State of Minnesota. All rights reserved.


EXHIBIT 3