

COVID-19 update » Why Gov's Minnesota Mask Mandate Order Is Illegal, Unenforceable

# Why Gov's Minnesota Mask Mandate Order Is Illegal, Unenforceable



The Governor is the head of the executive branch of government; but is not a King. So, the Governor only has the powers delegated to him by law, and limited by law. Now that the Minnesota Governor "ordered" a mask mandate, with enforcement penalties, we may ask: "Is that 'order' lawful? Is it enforceable?" As we show here, the answer is "No, the Governor's Minnesota mask mandate is illegal, unenforceable."

EXHIBIT 4

But first, let's set aside *the public policy arguments* about whether mask-wearing is a good or bad idea. Here our focus is solely upon *the current state of the law in Minnesota*.

Remember though, the legislature and Governor can easily change Minnesota Statutes in the future, should they choose.

**The core problem** the Governor's Minnesota mask mandate executive order; is that it directly conflicts with Minnesota's Statute making wearing a mask in public a **_misdemeanor crime_**.

So let's take a look first at Minnesota's current mask crime law.

## Minnesota's Mask Crime Statute

Wearing a **_mask in public is a crime under Minnesota law_**.

And like all crimes, *a statute* makes mask wearing a criminal act. See our article for a full discussion of the **_Minnesota mask crime statute_**.

The current version does contain an exception for medical *"treatment."* But mask-wearing to prevent contagion; is *not medical "treatment"* under medical, legal or common definitions. And the Governor's administrative order concedes this, at page thirteen, as we discuss below.



*Minnesota mask mandate admin order*

## The Governor's Minnesota Mask Mandate

On July 22, 2020, Minnesota's Governor signed *"Executive Order 20-81:  Requiring Minnesotans to Wear a Face Covering in Certain Settings to Prevent the Spread of COVID-19."*

At 16 pages, it is lengthy.  But it generally asserts: "Minnesotans must wear a face covering in indoor businesses and indoor public settings." (Page three.)

### The enforcement provisions:

*"Any individual [adult, non-student] who willfully violates this Executive Order is guilty of a petty misdemeanor and upon conviction must be punished by a fine not to exceed $100."*

And

*"Any business owner, manager, or supervisor who fails to comply with this Executive Order is guilty of a misdemeanor and upon conviction must be punished by a fine not to exceed $1,000, or by imprisonment for not more than 90 days."*

So the Governor's *Minnesota mask mandate* claims a *petty misdemeanor* violation for most individuals; and a **misdemeanor crime** for business owners and employees, who do not comply.

### But what legal authority, does this Administrative Order have?

## Legal Basis for Governor's Administrative Order

Remember the three branches of government: the legislative, the executive and the judicial?  The People created them and delegated limited powers of government; in the United States and the Minnesota Constitutions.

So the Constitution is the highest law of the land.  Any lesser forms of law that contradict the Constitution are void, and unenforceable; regardless of what they claim.

Only through the Constitution, we authorize *the legislative branch* of government to create laws in the form of *statutes*.  These statutes, though inferior to the Constitution; are superior to the Administrative Rules, Regulations and Orders of the Governor's executive branch.

And finally, *the executive branch* can create administrative Rules and Orders; *but only to the extent delegated by the legislature by statute.*  So these *administrative Rules and Orders* may not conflict with the higher forms of law, the Constitution and the Statutes.  And if they do, the administrative Rules and Orders are *unenforceable*.

This includes the Governor's *Minnesota mask mandate,* just another administrative order.



*Illegal mask mandate: an administrative order*

## Minnesota's Statutory Delegation of Emergency Powers

**Is the Governor's Minnesota mask mandate authorized by law?**  First, let's look at the legal authority the Governor *claims* in the administrative order.

It explicitly cites, on page two, Minnesota Statutes 2019, §12.02 and §12.21, subdivision 3 (7). *But neither gives the Governor the power to override Minnesota Statutes.*

Then, on page three, the administrative order paraphrases Minnesota Statutes §12.32:

***"such orders and rules have the force and effect of law during the peacetime emergency. Any inconsistent rules or ordinances of any agency or political subdivision of the state are suspended during the pendency of the emergency."***

Notice the language: *"inconsistent rules or ordinances of any agency or political subdivision of the state."*

So, the **statute does not authorize the Governor to contradict *Minnesota Statutes;*** but only *administrative rules;* and *ordinances of political subdivisions* of the State.

And, "Rules and ordinances of any agency or political subdivision of the state" are inferior to State Statutes and the Minnesota and U.S. Constitutions.

As the Minnesota Supreme Court notes:

***"While 'administrative agencies may adopt regulations to implement or make specific the language of a statute, they cannot adopt a conflicting rule.'"***

Hirsch v. Bartley-Lindsay Co., 537 NW 2d 480 (Minn: 1995)

So, **the Governor has *no lawful basis* to "order" people to commit crimes, like wear a mask in public.**

## The Administrative Order Explicitly Cites the Mask Crime Statute

On page thirteen, the Governor's administrative order (Minnesota mask mandate) specifically mentions the Minnesota Mask Crime Statute:

*"Wearing a face covering in compliance with this Executive Order or local ordinances, rules, or orders is not a violation of Minnesota Statutes 2019, section 609.735."*

This *concedes* that the medical *"treatment"* exception in the Mask Crime Statute does not apply to mask-wearing to prevent contagion.

And this *concedes* that the administrative order is in *direct conflict* with the Minnesota Mask Crime *statute*.

Their strategy appears to provide a defense to criminal prosecution under Minnesota's Mask Crime law, under the administrative order.

*The flaw in that strategy* is that any administrative order is inferior law to any statute.  And public mask-wearing remains a crime under the Minnesota Mask Crime *Statute*.  Moreover, *that statute has not been repealed.*

As a result, we have *an invalid executive order;* "requiring" people to commit an act which Minnesota Statutes make a crime.

So, it's still a crime to wear a mask in a public place.  And the administrative order can't and doesn't change that.

## Can You Blame a Governor for Trying?

And at the end of the administrative order, they *concede* that their *Minnesota mask mandate* admin order may be illegal:

> *"A [judicial] determination that any provision of this Executive Order is invalid will not affect the enforceability of any other provision of this Executive Order. Rather, the invalid provision will be modified to the extent necessary so that it is enforceable."*

## Legislative Intent

The Coronavirus response began early in the 2020 Minnesota legislative session.

And despite widespread **_discussion of the Minnesota Mask Crime Statute_**, no legislator attempted to amend it.

Moreover, since the legislature's adjournment, the Governor reconvened the legislature, *twice*. They could have easily repealed the Minnesota Mask Crime Statute. But they chose not to.

Instead, so far the legislature still chooses to continue the *public mask-wearing crime statute*; even during the COVID response of 2020.

## Conclusion

Much of the administrative order discusses *public policy issues.* This article, however, *does not*. We take no position here on: (1) whether masks are a good or bad idea for any particular person; or (2) whether the government could enact a mask mandate properly through legislation. Rather, this is a **purely legal analysis, pointing out current Minnesota law.**

And to the extent that the *administrative order* claims a legal basis to "mandate" masks and create *penalties* for non-compliance; the Minnesota mask mandate is illegal and unenforceable. It's basic legal flaws are:

1. **The administrative order attempts to assert authority not-delegated by statute.**

2. **And the administrative order contradicts and conflicts with a statute (the Mask Crime Statute).**

Remember, our focus here is solely upon the penalty provisions of the administrative order, the petty misdemeanor and misdemeanor charges. As we have shown, those are illegal and unenforceable.

Why does the admin order assert a non-business, individual penalty, so far just a ***petty misdemeanor*** fine? Is there some strategy behind that choice?

**Police, Arrest, Conviction, Jail?**

But if any person, business-related or not, should face criminal or petty misdemeanor charges under this administrative order; their defense should prevail in court, to avoid conviction and jail. Here we provide the legal basis for that defense.

And for persons facing *business-related charges;* another defense is avoidance of ***aiding, abetting, encouraging or conspiring with others*** to commit the crime of public mask wearing.

## About the Author



***Attorney Thomas C. Gallagher*** is a *criminal defense lawyer* in Minneapolis with over three decades experience.

He ***continues to help people during the COVID response***.

And Attorney Thomas C. Gallagher writes and speaks on ***criminal law*** and public policy issues regularly.

*Do you agree that the Minnesota legislature should repeal current Minnesota law making public mask-wearing a crime? See our related article:* **Repeal the Minnesota anti-mask law? We're all criminals now**

PREVIOUS

PREVIOUS

Felony doesn't always impair Minnesota gun rights

How to Avoid a Marijuana Arrest in a Car in Minnesota: Nine Tips

© 2020 Gallagher Criminal Defense, 612 333-1500

This site contains attorney advertising; and educational information only. Nothing here is legal advice.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Voters Alliance, Andrew Cilek, Kim Crockett, Craig Anderson, Yvonne Hundshamer, Craig Jones,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Tim Walz, in his official capacity as Governor of Minnesota, or his successor; Steve Simon, in his official capacity as Secretary of State of Minnesota, or his successor, Mark V. Chapin, in his official capacity as Hennepin County Auditor, or his successor, Christopher A. Samuel, in his official capacity as Ramsey County Auditor, or his successor, Keith Ellison, in his official capacity as Attorney General of Minnesota, or his successor, Mike Freeman, in his official capacity as Hennepin County Attorney, or his successor, John Choi, in his official capacity as Ramsey County Attorney, or his successor,<br>　　　　　　Defendants. | Case No. _____<br><br><br><br>DECLARATION OF<br>MATTHEW FRANZESE |

I affirm and declare that the following statements are true to the best of my knowledge or recollection:

1. I am the County Attorney of Traverse County, Minnesota.

2. On July 22, 2020, the Governor signed "Executive Order 20-81: Requiring Minnesotans to Wear a Face Covering in Certain Settings to Prevent the Spread of COVID-19."

3. Executive Order No. 20-81, page 3, generally asserts, "Minnesotans must wear a face covering in indoor businesses and indoor public settings."

**EXHIBIT 5**

1

4. Executive Order No. 20-81, pages 13 and 14, establishes criminal enforcement provisions for not wearing a mask, to-wit:

   a. For an individual, it is criminal petty misdemeanor not to be wearing a mask: "Any individual [adult, non-student] who willfully violates this Executive Order is guilty of a petty misdemeanor and upon conviction must be punished by a fine not to exceed $100."
   b. For a business, it is a criminal misdemeanor not to be wearing a mask and requiring compliance: "Any business owner, manager, or supervisor who fails to comply with this Executive Order is guilty of a misdemeanor and upon conviction must be punished by a fine not to exceed $1,000, or by imprisonment for not more than 90 days."

5. However, Minn. Stat. § 609.735 makes wearing a mask in a public place a criminal act, punishable by up to 90 days imprisonment and/or a $1000 fine.

6. The only exceptions to this prohibition is if wearing a mask is "based on religious beliefs, or incidental to amusement, entertainment, protection from weather, or medical treatment."

7. Under common definitions of "treatment," mask-wearing to prevent a contagious disease is not medical "treatment." That is why the executive order seeks to assert on page 13 of Executive Order 20-81 that "(w)earing a face covering in compliance with this Executive Order or local ordinances, rules, or orders is not a violation of Minnesota Statutes 2019, section 609.735."

8. The combination of Minn. Stat. § 609.735 and Executive Order 20-81 makes it a crime in Minnesota to wear a mask and a crime in Minnesota not to wear a mask.

I declare under penalty of perjury under the laws of the United States of America such as 28 U.S.C. § 1746 that the forgoing is true and correct.

Dated: August 4, 2020.

Matthew P. Franzese, #262687
Traverse County Attorney
P.O. Box 807
Wheaton, MN 56296
(320) 422-7795

2