UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA VOTERS ALLIANCE; ANDREW CILEK; KIM CROCKETT; CRAIG ANDERSON; YVONNE HUNDSHAMER; and CRAIG JONES,<br><br>Plaintiffs,<br><br>v.<br><br>TIM WALZ, in his official capacity as Governor of Minnesota; STEVE SIMON, in his official capacity as Secretary of State of Minnesota; MARK V. CHAPIN, in his official capacity as Hennepin County Auditor; CHRISTOPHER A. SAMUEL, in his official capacity as Ramsey County Auditor; KEITH ELLISON, in his official capacity as Attorney General of Minnesota; MIKE FREEMAN, in his official capacity as Hennepin County Attorney; and JOHN CHOI, in his official capacity as Ramsey County Attorney,<br><br>Defendants. | Case No. 20-CV-1688 (PJS/ECW)<br><br>ORDER |

Erick G. Kaardal, MOHRMAN, KAARDAL & ERICKSON, P.A., for plaintiffs.

Elizabeth C. Kramer, Megan J. McKenzie, and Kevin A. Finnerty, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Tim Walz, Steve Simon, and Keith Ellison.

Kelly K. Pierce and Jeffrey M. Wojciechowski, HENNEPIN COUNTY ATTORNEY'S OFFICE, for defendants Mike Freeman and Mark V. Chapin.

Robert B. Roche, RAMSEY COUNTY ATTORNEY'S OFFICE, for defendants John Choi and Christopher A. Samuel.

On July 22, 2020, Governor Tim Walz issued Executive Order 20-81 ("EO 20-81"), which requires Minnesotans to wear face coverings in indoor public settings in order to slow the spread of COVID-19. Plaintiffs filed this action to challenge the legality of EO 20-81 and sought a preliminary injunction, which the Court denied. *See* ECF No. 51. Plaintiffs filed an appeal of that denial and now seek (1) a stay of this action pending appeal and (2) an injunction pending appeal.

With respect to plaintiffs' request for a stay of this action pending appeal: Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, the filing of a notice of appeal from an order disposing of a motion for a preliminary injunction "does not ipso facto divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal, or operate to automatically stay other proceedings in the cause pending the appeal." *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963) (per curiam).[1]

---

[1]Later Eighth Circuit cases seem to indicate that district courts still have jurisdiction over the merits notwithstanding the pendency of an appeal from an order

(continued...)

Defendants have filed motions to dismiss this action. In support of those motions, defendants make arguments that are essentially the same as the arguments that they made in opposing plaintiffs' motion for a preliminary injunction. Under *Janousek*, then, the Court appears to lack jurisdiction to further address the merits of plaintiffs' claims, as those merits are intimately "involved in the appeal." Even if the Court has jurisdiction, however, the Court finds that a temporary stay is warranted, as the appeal is likely to resolve some of the legal issues in dispute, and a stay will not impose any hardship on defendants. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016) ("Relevant factors include the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay.").[2]

---

[1](...continued)
disposing of a motion for a preliminary injunction. *See, e.g., W. Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1229–30 (8th Cir. 1986).

[2]Defendants cite the standard that applies under Fed. R. App. P. 8(a)(1)(A), which governs "a stay of the judgment or order of a district court pending appeal[.]" Plaintiffs are not seeking a stay of a court order or judgment, however (except insofar as their separate request for an injunction pending appeal could be interpreted as a request for a "stay" of the Court's order denying their motion for a preliminary injunction). Instead, plaintiffs are seeking to stay the litigation in this Court pending appeal.

The Court will therefore stay this case, but will order the parties to provide an update in 30 days as to the progress of the appeal in order to assess whether to continue the stay.

With respect to plaintiffs' request for an injunction pending appeal:  As the parties recognize, plaintiffs' request is governed by the same factors that applied to their motion for a preliminary injunction, namely: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant if the injunction is not granted; (3) the balance between that harm and the harm that granting the injunction will inflict on the other parties; and (4) the public interest.  *See Shrink Mo. Gov't PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).

The Court has already analyzed these factors and explained in detail the basis for its conclusion that plaintiffs are not entitled to a preliminary injunction.  *See* ECF No. 51.  For the same reasons, the Court determines that plaintiffs are not entitled to an injunction pending appeal.  Only one matter merits comment:

Plaintiffs argue that the Court erroneously failed to apply *Minnesota Voters Alliance v. Mansky*, 138 S. Ct. 1876 (2018), to assess their claim that EO 20-81 conflicts with Minn. Stat. § 609.735, which prohibits concealing one's identity "in a public place by means of a robe, mask, or other disguise."  In *Mansky*, the Supreme Court addressed the validity of a Minnesota law prohibiting the wearing of a "political badge, political

button, or other political insignia" at polling places. *Mansky*, 138 S. Ct. at 1883; *see* Minn. Stat. § 211B.11, subd. 1. The Supreme Court held that the law violated the First Amendment because it broadly prohibited "political" apparel without defining the word "political," instead empowering election judges at polling places to determine whether an individual's apparel violated the ban. *Mansky*, 138 S. Ct. at 1888–91. As a result, the Court held, the law was not "capable of reasoned application." *Id.* at 1892.

Plaintiffs argue that here, too, the combination of EO 20-81 and § 609.735 is not "capable of reasoned application" because these provisions directly conflict with each other. As the Court has already held, however, plaintiffs are not likely to succeed in showing that EO 20-81 does in fact conflict with § 609.735. Plaintiffs have not suggested any other reason why EO 20-81 or § 609.735 are not "capable of reasoned application."

Plaintiffs contend that, in determining that EO 20-81 likely does not conflict with § 609.735, the Court should not have analyzed how the Minnesota Supreme Court would likely interpret § 609.735, but instead should have examined how election judges would interpret that provision. The Court disagrees.

*Mansky* concerned an explicit restriction of political speech at polling places that election judges were responsible for interpreting and applying. By contrast, § 609.735 is a generally applicable law that does not on its face regulate speech or have anything to do with elections or polling places. Nor is there any suggestion that election judges

have any role to play in interpreting or enforcing § 609.735; unlike in *Mansky*, plaintiffs have not cited a single instance in which any election judge has attempted to enforce § 609.735 at any polling place, despite the fact that Minnesota held a primary after EO 20-81 went into effect. In short, *Mansky* has little to do with this case.

The threshold question in this case is not how an election judge would interpret § 609.735, but rather whether § 609.735 in fact conflicts with EO 20-81—a legal question that depends on how the Minnesota Supreme Court would construe the language of § 609.735. Were it otherwise, every generally applicable state law that could conceivably apply to conduct at a polling place—including, say, laws prohibiting assault, disorderly conduct, or public intoxication—would be subject to challenge on the basis that some election judge working at some polling place somewhere in Minnesota might misconstrue it. *Mansky* cannot be stretched so far.

Plaintiffs' motion for an injunction pending appeal is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion to stay and for an injunction pending appeal [ECF No. 55] is GRANTED IN PART and DENIED IN PART.

2. The motion is GRANTED to the extent that it seeks a stay of this action, and this action is hereby STAYED until further order of the Court.

3. The motion is DENIED to the extent that it seeks an injunction pending appeal.

4. No later than 12:00 noon on Friday, November 13, 2020, the parties must file an update regarding the status of plaintiffs' appeal.

5. The November 18, 2020 hearing on defendants' motions to dismiss is CANCELED and will be rescheduled at a later date.

Dated: October 13, 2020					s/Patrick J. Schiltz
							Patrick J. Schiltz
							United States District Judge