UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA VOTERS ALLIANCE; ANDREW CILEK; KIM CROCKETT; CRAIG ANDERSON; YVONNE HUNDSHAMER; and CRAIG JONES, | Case No. 20-CV-1688 (PJS/ECW) |
| Plaintiffs, | |
| v. | ORDER |
| TIM WALZ, in his official capacity as Governor of Minnesota; STEVE SIMON, in his official capacity as Secretary of State of Minnesota; MARK V. CHAPIN, in his official capacity as Hennepin County Auditor; CHRISTOPHER A. SAMUEL, in his official capacity as Ramsey County Auditor; KEITH ELLISON, in his official capacity as Attorney General of Minnesota; MIKE FREEMAN, in his official capacity as Hennepin County Attorney; and JOHN CHOI, in his official capacity as Ramsey County Attorney, | |
| Defendants. | |

Erick G. Kaardal, MOHRMAN, KAARDAL & ERICKSON, P.A., for plaintiffs.

Elizabeth C. Kramer, Megan J. McKenzie, and Kevin A. Finnerty, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Tim Walz, Steve Simon, and Keith Ellison.

Kelly K. Pierce and Jeffrey M. Wojciechowski, HENNEPIN COUNTY ATTORNEY'S OFFICE, for defendants Mike Freeman and Mark V. Chapin.

Robert B. Roche, RAMSEY COUNTY ATTORNEY'S OFFICE, for defendants John Choi and Christopher A. Samuel.

On July 22, 2020, Governor Tim Walz issued Executive Order 20-81 ("EO 20-81"), which requires Minnesotans to wear face coverings in indoor public settings in order to slow the spread of COVID-19.  Plaintiffs filed this action to challenge the legality of EO 20-81 and sought a preliminary injunction, which the Court denied.  *See* ECF No. 51. This matter is before the Court on defendants' motions to dismiss.  For the reasons that follow, the motions are granted.

The main thrust of plaintiffs' amended complaint is that EO 20-81 conflicts with Minn. Stat. § 609.735, which prohibits concealing one's identity "in a public place by means of a robe, mask, or other disguise," subject to certain exceptions not applicable here.  As a result of this conflict, plaintiffs allege, Minnesota has made it impossible to be in an indoor public setting without violating either EO 20-81 or § 609.735.  Plaintiffs also allege that EO 20-81 (in combination with guidance from the Secretary of State concerning how to implement EO 20-81 at polling places) violates the Elections Clause in Article I, § 4 of the United States Constitution, and that EO 20-81 (standing alone) violates the First Amendment and various provisions of the Minnesota Constitution.

In its order denying plaintiffs' motion for a preliminary injunction, the Court found that it likely had jurisdiction over only plaintiffs' federal claims against the Governor, the Attorney General, and the Hennepin defendants, and only insofar as

-2-

those claims rest on plaintiffs' allegation that EO 20-81 conflicts with § 609.735.  ECF No. 51 at 20.  In response to defendants' motions to dismiss, plaintiffs do not dispute any of the Court's assertions regarding the scope of its jurisdiction, and plaintiffs fail to defend or even mention their conflict-based claims.  Likewise, plaintiffs say nothing about their Elections Clause or state-law claims.  The Court therefore deems those claims to be abandoned and dismisses them.  Because the Court has addressed the merits of plaintiffs' conflict-based claims at length in its preliminary-injunction order—and because plaintiffs put defendants to the burden of briefing those claims a second time and then failed to defend them after obtaining the Court's view of their merits—the dismissal of those claims will be with prejudice.

Turning to the claims that plaintiffs have taken the trouble to defend:  Plaintiffs resist dismissal of their claim that EO 20-81, standing alone, violates the First Amendment.  They also make the never-before-mentioned argument that § 609.735, standing alone, violates the First Amendment.  These claims fail for several reasons.  The Court will mention just two: lack of standing (as to both claims) and failure to plead in the complaint (as to the latter claim).

To establish standing, plaintiffs must clearly allege facts demonstrating an injury in fact.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014).  As the Court already noted in its order on

plaintiffs' motion for a preliminary injunction, plaintiffs' amended complaint "stops short of alleging that any individual plaintiff wants or intends to violate EO 20-81 by not wearing a face covering when EO 20-81 would require them to do so."  ECF No. 51 at 13.  As no plaintiff has clearly "allege[d] an intention to engage in a course of conduct arguably . . . proscribed by" EO 20-81, *Susan B. Anthony List*, 573 U.S. at 159 (citation and quotation marks omitted), no plaintiff has standing to challenge the validity of EO 20-81.  Moreover, even if plaintiffs had standing to challenge EO 20-81, their claim would fail on the merits for the reasons set forth in the Court's order on plaintiffs' motion for a preliminary injunction.  *See* ECF No. 51 at 28–31.

Plaintiffs likewise lack standing to assert a First Amendment challenge to § 609.735.  As noted, § 609.735 prohibits concealing one's identity "in a public place by means of a robe, mask, or other disguise . . . ."  But plaintiffs do not clearly allege anywhere in their amended complaint that they intend to violate this statute by concealing their identity in a public place by means of a disguise.  Instead, they allege that they want the freedom to choose whether to wear a mask, Am. Compl. ¶¶ 3, 30, that they intend to vote and engage in other political activities either wearing or not wearing a mask, Am. Compl. ¶ 18, and that they have "a right to protect themselves by wearing a mask and a right to politically protest the government's pandemic response by not wearing a mask," Am. Compl. ¶ 4.  Plaintiffs have therefore failed to meet their

burden to clearly plead facts demonstrating standing to challenge the constitutionality of § 609.735.

Even if plaintiffs had alleged facts demonstrating standing to challenge the constitutionality of § 609.735, no such claim appears in their amended complaint. Accordingly, this claim is not properly before the Court.  *See Al-Saadoon v. Barr*, 973 F.3d 794, 805 (8th Cir. 2020) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (cleaned up)).

For these reasons, defendants' motions to dismiss are granted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motions to dismiss [ECF Nos. 30, 37, 42] are GRANTED.

2. To the extent that plaintiffs' claims rest on the alleged conflict between EO 20-81 and Minn. Stat. § 609.735, those claims are DISMISSED WITH PREJUDICE AND ON THE MERITS.

3. The remaining claims in plaintiffs' amended complaint [ECF No. 7] are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 11, 2021                           s/Patrick J. Schiltz                          
                                                                         Patrick J. Schiltz  
                                                                         United States District Judge